SAM RILEY v. THE STATE.

No. 14876.   Delivered February 10, 1932.
State's Rehearing Denied May 25, 1932.
Reported in 49 S. W. (2d) 1106.

The opinion states the case.

*M. E. Sandlin* and *J. E. Sturrock,* both of Woodville, for appellant.

*T. B. Greenwood, Jr.,* District Attorney, and *Tom Pickett,* both of Palestine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

This case is on close lines as to the corroboration of a witness who asserted that he went with appellant, in the car of the latter, to the cotton house of Mr. Lewis about the 15th of November, 1929, at night, burglarized said house and got therefrom four sacks of cotton which were later sold to the oil mill in Palestine. No other witness testified that appellant or anyone resembling him had anything to do with the sale of such cotton, if sold. No other witness saw appellant in company with said accomplice at or about said time. No connection further than inferences from what appears below, between the two is shown save that it was in testimony by an officer that appellant stayed at the home of said accomplice.

It was shown that there were tracks of two persons leading from the cotton house across the field to where car tracks were observed at or near the road. No witness said either of these tracks was made by appellant, or that there appeared any correspondence between appellant's tracks and those discovered. An officer testified that from the tread of the car casings, whose tracks were observed near said road, he knew them to be made by Firestone tires, and that later he saw a car which he said was appellant's, and that it had on it Firestone casings, and also some loose cotton and seed in same. He did not testify that he then saw said car in possession of appellant, but on the contrary said he saw it in the possession of Lewis, the owner of the cotton house, and another man. It was also shown that this officer tried to find appellant after the alleged burglary but failed. Appellant was arrested in 1931 apparently at his home where he was living and working at the time of said arrest.

With the testimony in this condition, the state introduced in rebuttal Mr. Lewis who testified that he found a tapeline up near the road, where a car had been turned around. Said tapeline had on it the name of a tailoring company. After he found said tapeline he took it to the post-

office at Elkhart and asked the postmaster "If there had been any *clothes shipped company.*" The postmaster looked at it and said "Yes, there is a package here now from that company." He got the package and it was addressed to Sam Riley (appellant). Witness said he did not think there were any other packages there from that same tailor-- ing company.

This testimony was admitted over appellant's objection, as set out in bill of exception No. 3. The testimony was clearly hearsay and capable of much harm to the rights of appellant, as it could easily be taken as affording strong corroboration of the accomplice witness in establishing the presence of appellant at the scene of the crime.

The testimony of the witness Gilford appears to relate to the bur- glary of a different house than that here involved, and upon another trial, if objected to, should not be admitted.

There is a bill of exception complaining of the refusal of a con- tinuance. As the case must be reversed for the error above set forth, we omit discussion of this matter. The witness may be obtained upon another trial.

The testimony of the accomplice seems admissible under recent laws allowing persons to testify, though convicts and not pardoned, if convic- tion be had subsequent to the passage of such laws, as seems to be the case here.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Counsel for the state has presented a motion for rehearing bearing evidence of much industry, research and thought, which we have examined with interest but are constrained to adhere to the conclusion stated in the original opinion, namely, that the hearsay evidence used against the appellant cannot be regarded as harmless but under the conditions revealed by the record is clearly calculated to injure the accused.

The motion is overruled.

*Overruled.*